IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS LOWERY, JR.,
SRCJ Inmate No. 99004947,
        Plaintiff,

vs.                                                       Case No. 3:19cv3756/MCR/EMT

SHERIFF BOB JOHNSON, et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Santa Rosa County Jail ("SRCJ") proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF Nos. 1, 2). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon consideration, and for the reasons given below, the court recommends the action be dismissed as malicious.

Because Plaintiff is a prisoner proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

A plaintiff's affirmative misrepresentation regarding his prior litigation history,

when the complaint form required disclosure of such history and the plaintiff's

statements were made under penalty of perjury, constitutes abuse of the judicial

process warranting dismissal of the case without prejudice as "malicious" under

§§ 1915(e)(2)(B)(i) and 1915A(b)(1). *See Rivera v. Allin*, 144 F.3d 719, 731 (11th

Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199

(2007); *see also, e.g., Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013)

(unpublished) (dismissal of action without prejudice as malicious for abuse of

judicial process was warranted where inmate failed to disclose case he had filed

against prison officials just five months earlier and failed to disclose another case he

filed six years earlier which had been dismissed prior to service for failure to state a

claim); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished)

(dismissal of action without prejudice for abuse of judicial process was warranted

where inmate made no attempt to disclose prior cases in his original and amended

complaints); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir.

2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner

plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose

existence of one prior case and disclosed existence of another prior case but failed

to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or

prior to service); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th

Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in

district court while he was a prisoner constituted abuse of judicial process warranting

dismissal of his pro se § 1983 action; prisoner's misrepresentation was not excused

by his explanation that he misunderstood the complaint form on which he

represented, under penalty of perjury, that he did not file any prior lawsuits with

similar facts or otherwise relating to his imprisonment or conditions of

confinement); *Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010)

(unpublished) (affirming dismissal of action without prejudice for prisoner

plaintiff's abuse of judicial process where plaintiff failed to disclose four previous

civil actions; even if prisoner did not have access to his legal materials, he would

have known that he filed multiple previous lawsuits); *Young v. Sec'y for Dep't of*

*Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did

not abuse its discretion when it sanctioned Florida prisoner proceeding in forma

pauperis by dismissing his civil rights lawsuit *sua sponte* for not disclosing all

information known to him regarding prior cases, even though prisoner could not

afford to pay copying and certification costs charged by Florida state courts and no

longer had documents necessary to answer fully due to the FDOC rule prohibiting

possession of "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819

(11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as

sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to the magistrate judge's report and recommendation that his disclosures were incomplete, finding that to allow inmate to continue with suit would have served to overlook his abuse of the judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982).

Having conducted a thorough review, the court is satisfied this action is malicious and thus recommends dismissal under §§ 1915(e)(2)(B)(i) and 1915A(b)(1). Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 3, 4). Question C of Section IV asks whether Plaintiff has "initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive

force or some other wrong)?" (ECF No. 1 at 4).  Plaintiff responded "Yes" to this question and disclosed one prior case against the SRCJ, filed in approximately 1999 (*id.*).  Plaintiff did not provide a case number, but indicated the case remains pending (*id.*).  Question D of Section IV asks whether Plaintiff has had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service (*id.*).  Plaintiff responded "No" to this question (*id.*).  At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT"** (*id.* at 8).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case.  All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Order of Dismissal, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000).  Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal

terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the disposition of those cases, can be considerable.

The court takes judicial notice that prior to commencing the instant action on October 13, 2019 (*see* ECF No. 1 at 8), Plaintiff filed *at least* the following actions in this court which were dismissed as frivolous, malicious, failing to state a claim, and/or prior to service: *Lowery v. Jensen*, Case No. 3:10cv457/MCR/MD (civil rights complaint regarding fact of confinement filed on November 4, 2010, and dismissed prior to service on February 2, 2011, for failure to state a claim upon which relief can be granted); *Lowery v. Coleman*, Case No. 3:10cv456/MCR/EMT (civil rights complaint asserting speedy trial violation and ineffective assistance of counsel filed on November 4, 2010, and dismissed prior to service on February 28, 2011, for failure to state a claim upon which relief can be granted); and *Lowery v. Armor Medical, et al.*, Case No. 3:10cv204/WS/MD (civil rights complaint regarding conditions of confinement filed on June 11, 2010, and dismissed prior to service on January 27, 2011, for abuse of the judicial process in failing to fully disclose litigation history).[1]  All of these cases required disclosure, yet Plaintiff did not disclose any of them.[2]

---

1 The SRCJ inmate number for the plaintiff in each of these cases, No. 99004947, is the same as Plaintiff's.

2 It appears that Plaintiff also previously filed the following two cases, which he did not identify in response to question C or D, but should have: **Error! Main Document Only.***Lowery v. Hall, et*

The court has authority to control and manage matters such as this case pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. The quality of justice is threatened if the court cannot rely on the statements or responses made by the parties. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to two questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of the prior actions was required and that dismissal of this action may result from his untruthful answers.[3] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many

---

*al.*, Case No. 3:11cv295/RV/CJK (civil rights complaint regarding conditions of confinement filed on June 22, 2011, and dismissed prior to service on November 29, 2012, because Plaintiff, a three-striker, failed to pay the filing fee at the time he initiated suit); and *Lowery v. State of Fla.*, Case No. 3:09cv514/RV/EMT (civil rights complaint based on alleged speedy trial violation and prolonged pretrial detention filed in this court on November 17, 2009, and dismissed prior to service on March 28, 2011, for failure to state a claim upon which relief can be granted). No inmate number appears on the docket for the plaintiff on these two cases, but the actions bear Plaintiff's name appear to have been brought by him.

[3] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 3) (emphasis and capitalization in original).

prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[4, 5]  *See Rivera*, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); *Spires*, Case No. 3:00cv249/RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances.").  Plaintiff should also be warned that such false responses, filed herein or in the future, will not be ignored and may result in more severe and long-term sanctions.  *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

---

[4]  Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits which he failed to identify would equate to overlooking his abuse of the judicial process.  *See Hood*, 197 F. App'x at 819.  Amendment would not change the fact that Plaintiff failed to disclose all of the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section IV of the complaint form.

[5]  A dismissal without prejudice does not equate to a dismissal with prejudice due to a statute of limitations issue.  The statute of limitations for claims under § 1983 is four years.  *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (four–year statute of limitations for § 1983 claims for which Florida is the forum state).  Plaintiff indicates the alleged constitutional violations began within the past few months.  He thus has more than adequate time to file another civil rights action should he choose to do so.

Accordingly, it respectfully **RECOMMENDED**:

1.      That this case be **DISMISSED WITHOUT PREJUDICE** as malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

2.      That the clerk enter judgment accordingly and close this case.

At Pensacola, Florida, this 28th day of October 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections must be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**